

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 11, 1959

Mr. H. D. Dodgen
Executive Secretary
Game & Fish Commission
Austin, Texas

Opinion No. WW-759

Re: Whether Nueces County is
entitled to a refund of
the amount paid the State
for sand, shell and gravel
used in the construction

Dear Mr. Dodgen:
of a toll road.

We have received your request for an opinion as follows:

"Nueces County has by contract built a toll road in and along Padre Island and a specific fee or charge is made for each car that travels over the road. When the indebtedness is retired, we are informed by the county that the road is to become a part of the State Highway system.

"Please inform me whether, in your opinion Nueces County is entitled to a refund of the amount paid the state for sand, shell and gravel used in the construction of this toll road. All refunds are made under legislative appropriation."

Article 4051, Vernon's Civil Statutes, provides that all the sand and marl of any commercial value, and all the gravel, shell and mudshell of any kind whatsoever, lying on all the islands, reefs, bars, lakes, and bays within the tidewater limits from the most interior point seaward coextensive with the jurisdiction of this State, are placed under the management, control and protection of the Game and Fish Commission.

Article 4053, Vernon's Civil Statutes, authorizes the Game and Fish Commission to grant permits for the removal of marl, sand, gravel, shell or mudshell from such places and areas as are under its control, if satisfied that such removal will not be detrimental to any oysters, oyster beds, or fish, and will not damage

any island, reef, bar, channel, river, creek or bayou used for navigation or otherwise coming under its jurisdiction.

Article 4054, Vernon's Civil Statutes, provides that when any county, subdivision of a county, city or town should desire any marl, gravel, sand, shell or mudshell for use in building a road, if the work is to be done by said municipality, a permit to use such material may be granted without charge. When the building of roads for said municipalities is to be done by contract, then the municipality may obtain a refund from the Game and Fish Commission of the tax levied and collected on said marl, gravel, sand, shell and mudshell.

Article 4053d, Vernon's Civil Statutes, authorizes the Game and Fish Commission to sell the marl, gravel, sand, shell and mudshell upon such terms and conditions as it may deem proper, but for not less than four cents per ton, "and payment therefor shall be made to said Commissioner. The proceeds arising from such sale shall be transmitted to the State Treasurer and be credited to a special fund hereby created to be known as the sand, gravel and shell fund of the state, and may be expended by the said Commissioner in the enforcement of the provisions of the sand, shell and gravel laws and in the establishment and maintenance of fish hatcheries, when provided by legislative appropriation, and in the payment of refunds provided for in Section 7, Chapter 161, of the General Laws of the Regular Session of the Thirty-eighth Legislature, to counties, cities or towns or any political subdivision of a county, city, or town, as provided for in Section 7, Chapter 161, of the General Laws of the Regular Session of the Thirty-eighth Legislature."

Under the above statutes, as an aid to road building programs of counties and cities, the Game and Fish Commission is authorized to grant free of charge a permit to use the sand, gravel and shell under its jurisdiction, if these materials are used in a road built by the county or city itself. If a road is built by a county or city under a contract, the county or city may obtain a refund from the Commission of the amounts which have been paid for these materials used by the contractor.

The question is asked whether the refund should be denied in this particular instance because the county intends to pay for the cost of the road by charging tolls

for its use until an amount of money equal to its cost has been collected. At the time when the cost of the road has been fully paid by tolls received, the road is to become a part of the State Highway system.

Section 52-b of Article III of the Constitution of Texas reads as follows:

"Sec. 52-b. The legislature shall have no power or authority to in any manner lend the credit of the State or grant any public money to, or assume any indebtedness, present or future, bonded or otherwise, of any individual, person, firm, partnership, association, corporation, public corporation, public agency, or political subdivision of the State, or anyone else, which is now or hereafter authorized to construct, maintain or operate toll roads and turn-pikes within this State. Added Nov. 2, 1954."

This Section prohibits the lending of credit or granting of public money by the State to anyone constructing or operating toll roads within the State.

It is noted, however, that Article 4053d which authorizes the sale of gravel, sand and shell by the Game and Fish Commission, also provides for a special fund into which the money collected from such sales shall be placed, and also provides for refunds to be made from this special fund. At the instant when money is paid in-to this special fund by a contractor, who is building a road for a city or county, that money is earmarked to be refunded to the city or county which is having the road built. Therefore, it is our opinion that any money col-lected which is subject to refund to the municipalities named in Article 4054 is not "public money" in the sense in which that term is used in Section 52-b of Article III of the Constitution of Texas.

The purpose of the refund from the special fund of the Game and Fish Commission to a county which has had a road built by contract is to aid that county in its road-building program. Whether the cost of a road is paid by county funds raised by taxing the residents of the county, or by charging a fee of the users of the road after com-pletion, does not alter the reason for the refund,

which is to decrease the cost of the road as much as possible.

In this particular instance, it is our opinion that the Game and Fish Commission may refund to Nueces County the amount paid the State for sand, gravel and shell used in construction of a road on Padre Island, even though the cost of the road is to be paid by charging tolls for its use until the cost is paid in full, provided that any refund made by the Game and Fish Commission is used to decrease the cost of the road for which tolls will be charged.

### SUMMARY

The Game and Fish Commission may refund to Nueces County money paid for sand, gavel and shell used in a road built by contract on Padre Island, even though the cost of the road is to be paid by charging tolls for its use, provided that the amount refunded is used to decrease the total cost which the tolls charged will be used to pay.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Phocion S. Park III*

Phocion S. Park III
Assistant

PSP:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Mary Kate Wall
James R. Irion III
Tom I. McFarling
James P. Ryan

REVIEWED FOR THE ATTORNEY GENERAL
BY Leonard Passmore